UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM GRIESSER, et al., | ) | CASE NO. 1:06 CV 2904 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| PIRKEL'S TOWING CO., et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On December 4, 2006, plaintiff pro se William Griesser filed this action under 42 U.S.C. § 1983 on behalf of himself and Griesser Consulting, Inc. against Pirkel's Towing Co. ("Pirkel's Towing"), Blue Star Metals Co. ("Blue Star Metals"), and the Elyria Police Department. In the complaint, plaintiff asserts vehicles he parked at Blue Star Metals were towed without his knowledge or consent. He seeks compensatory and punitive damages.

**Background**

Mr. Griesser operated several companies, including Griesser Consulting, Inc., which engaged in the sale of used automobiles. He contends that in 2005, he entered into an agreement with the owner of Blue Star Metals to permit used automobiles to be parked in a portion of the

Royal Supply Co. ("Royal Supply") parking lot for a fee of $ 20.00 per month.[1] He indicates that he provided the secretary at Blue Star with his contact information in the event issues arose concerning the vehicles parked in the Royal Supply lot.

Mr. Griesser further contends that shortly after arriving at this arrangement in "late 2005," he moved a 1985 black Chevrolet Corvette, a 1997 beige Cadillac Coupe DeVille, a 1991 maroon Plymouth Acclaim, and a 1989 blue Cadillac Seville to the Royal Supply lot. (Compl. at 9.) He alleges that in June of 2006, he asked his wife, Kathleen Griesser to check on the four cars to see if they were still in the lot and in good condition. When she arrived, she discovered that all four cars were missing. Mrs. Griesser contacted the secretary of Blue Star Metals and asked if she knew the location of the vehicles. The secretary informed Mrs. Griesser that the Elyria Police Department had arranged for Pirkel's Towing to remove the vehicles as "they should not be parked there." (Compl. at 10.)

Mrs. Greisser contacted the owner of Pirkel's Towing on June 15, 2006. The owner confirmed that his company had been asked to tow 4 vehicles from the Royal Supply parking lot. The Griessers have made several written demands for the return of the vehicles. Pirkel's Towing, however, has refused to do so unless the Greissers pay $ 1,500.00 for storage fees. Mr. Griesser contends that the defendants were negligent in allowing the cars to be towed. Mr. Griesser seeks compensatory and punitive damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

---

[1] Mr. Greisser does not explain the connection, if any, between Blue Star Metals and Royal Supply.

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Griesser cannot represent Griesser Consulting, Inc.  In general, a party may plead and conduct its case in person or through counsel.  See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[3]  Because corporations and non-incorporated organizations are artificial entities which exist only as legal fiction, they cannot appear pro se in any Federal Court litigation.  Id. at 1310.  They are required to appear in court through an attorney.  Paris v. Herman, No. 99-5338, 2000 WL 571932 at *2 (6th Cir. May 3, 2000); Eagle, 926 F.2d at 1310.[4]  Although Mr. Griesser may have a substantial interest in Griesser Consulting, Inc., he is not a licensed attorney and cannot represent the interests of the corporation

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[3] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

[4] See also, Brown v. Internal Revenue Service, 172 F.3d 47 (6th Cir. 1998); AAA Venetian Blind Sales, No. 9601108, 1997 WL 476517 at *2 (6th Cir. Aug. 19, 1997), Kinder Capital v. Unity Community, No. 95-1542, 1996 WL 229819 (6th Cir. May 6, 1996).

3

in this court. The claims pertaining to Griesser Consulting, Inc. are therefore dismissed.

To the extent that Mr. Griesser was also seeking redress for injuries he personally sustained, he fails to state a cognizable claim under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The allegations set forth in this pleading do not serve to support either element of this cause of action.

First, Mr. Griesser fails to establish that a "person acting under color of state law" deprived him a right. Generally, to be considered a "state actor" under § 1983, the defendant must be a government official or employee. Pirkel's Towing and Blue Star Metals are private parties, not government officials. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). There are no allegations in the complaint which reasonably suggest that Pirkel's Towing and Blue Star Metals could be considered to be a "person acting under color of state law."

Moreover, the Elyria Police Department is not sui juris and cannot sue or be sued. Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987). See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). It is merely a sub-unit of the

municipality it serves. Id. Claims against the Elyria Police Department are therefore the equivalent of claims asserted against the City of Elyria.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Elyria or its police department which may have resulted in the deprivation of a federally protected right of the plaintiff.

In addition, Mr. Griesser has not asserted in his complaint that the defendants deprived him of a constitutional right to establish the second element of a cause of action under 42 U.S.C. § 1983. He provides a brief narrative of facts and suggests that the defendants are guilty of gross negligence. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to

construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Even if Mr. Griesser had identified a constitutional right which he believed to have been violated by the defendants, negligent conduct in insufficient to establish liability. See Wojnicz v. Davis, 80 Fed.Appx. 382, 384 (6th Cir.2003) ("In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent."); see also Pink v. Lester, 52 F.3d 73, 76 (4th Cir.1995) ("Negligent official conduct does not instantly become actionable under § 1983.") There is nothing in the complaint which indicates Mr. Griesser may have a viable claim against these defendants under 42 U.S.C. § 1983.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). While plaintiffs' may have a basis to assert a state court claim for breach of contract against Royal Supply Co., he has no basis to assert these causes of action in this Court. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6

DATED: February 20, 2007